**Kevin COCHRANE, Plaintiff-Appellee,**

v.

**OPEN TEXT CORPORATION; Open Text Inc., Defendants-Appellants.**

**No. 15-16322**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2017 San Francisco, California

Filed June 27, 2017

Jeffrey Faucette, Skaggs Faucette LLP, San Francisco, CA, for Plaintiff-Appellee

Patrick P. Gunn, Attorney, Cooley LLP, San Francisco, CA, Jeffrey A. Rosenthal,

Cleary Gottlieb Steen & Hamilton LLP, New York, NY, for Defendants-Appellants

Before: SCHROEDER and RAWLINSON, Circuit Judges, and DRAIN,* District Judge.

MEMORANDUM **

Appellants Open Text Corporation and Open Text, Inc ("Open Text") appeal the district court's judgment confirming an arbitration award against them and in favor of Appellee Kevin Cochrane, a former employee. The primary issue below and on appeal is whether the parties agreed to submit the question of arbitrability to arbitration.

1. The district court correctly determined that the parties had agreed to arbitrate arbitrability via incorporation in the employment agreement of the American Arbitration Association's Rules. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). The district court then deferred, as required by that agreement, to the arbitrator's determination that the amount of variable compensation fell within his jurisdiction. *See First Options of Chicago v. Kaplan*, 514 U.S. 938, 944–45, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).

2. Neither the arbitrator's determination that he had jurisdiction to determine the amount of variable compensation to which Cochrane was entitled nor the arbitrator's determination of the amount was "completely irrational or exhibit[ed] a manifest disregard of the law." *Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc) (citations and quotation marks omitted). The arbitrator's decisions derived from the language of contracts signed between the parties and representations Open Text made to Cochrane. It therefore does not matter whether this court "might have interpreted the contract[s]" between Cochrane and Open Text in a different manner. *Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009).

The district court's order is **AFFIRMED.**

* The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.